UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE MARIE PASSI,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 14-08458-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On November 7, 2014, Rosie Marie Passi ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on February 24, 2015. On June 18, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff Rosie Marie Passi is a 43-year-old female who applied for Supplemental Security Income benefits on March 8, 2012, alleging disability beginning November 1, 2011. (AR 20.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 8, 2012, the application date. (AR 22.)

Plaintiff's claim was denied initially on August 16, 2012 and on reconsideration on August 16, 2012. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John P. Giannikas on September 23, 2013 in Long Beach, California. (AR 20.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 20.) Vocational Expert ("VE") Jeanine Metildi also appeared and testified at the hearing. (AR 20.)

The ALJ issued an unfavorable decision on September 27, 2013. (AR 20-29.) The Appeals Council denied review on September 5, 2014. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly evaluated the opinions of the consultative psychiatrist.
2. Whether the ALJ properly evaluated Rosie Marie Passi's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 8, 2012, the application date. (AR 22.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bilateral arthritis of the knee, status post-two left knee

surgeries, degenerative disc disease of the lumbosacral spine with radiculopathy, and an adjustment disorder, NOS, and psychotic issues. (AR 22.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 22-26.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> Claimant can only stand/walk for a total of one hour out of an eight-hour day with an hourly sit/stand option to change positions, and she may sit for as long as seven hours total. She may not engage in climbing of ladders/ropes/scaffolds, she may only occasionally engage in climbing of stairs, balancing, kneeling, stooping, crouching and crawling. Claimant's mental capacity allows her to understand, remember, and carry out simple work instructions. Claimant may only interact with co-workers on an occasional and superficial basis, and Claimant can adjust to routine work changes commensurate with the previous mental limitations.

(AR 26-28.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 27-28.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a baggage handler. (AR 28.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of table worker, assembler and film touch-up inspector. (AR 28-29.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 29.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends the ALJ failed to provide specific, legitimate reasons for not accepting all of the opinions of the consulting psychiatrist, Dr. Ho. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not

inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

Plaintiff Rosie Marie Passi's disability allegations are primarily orthopedic but she also alleges mental impairments such as depression. (AR 26, 89.) The ALJ found Plaintiff has the severe mental impairment of adjustment disorder, NOS, and psychotic issues. (AR 22.) The ALJ's RFC contains mental limitations to simple work, and occasional interaction with co-workers, but can adjust to work changes commensurate with those mental limitations. (AR 26.)

The ALJ derived these limitations in part from consulting psychiatric examiner, Dr. Christopher Ho. (AR 26, 789-792.) On July 23, 2012, Dr. Ho diagnosed an adjustment disorder, NOS. (AR 26.) He concluded that Claimant could follow simple instructions over a short term period. (AR 26.) Plaintiff faults the ALJ for not accepting Dr. Ho's additional opinion that Plaintiff "would have difficulties working a 40-hour workweek over a long-term period." (AR 792.) Plaintiff asserts that this limitation would preclude all work but does not explain why that necessarily would be true. Plaintiff's primary argument is that the ALJ did not provide specific, legitimate reasons for rejecting Dr. Ho's opinion.

Plaintiff's assertion is incorrect. The ALJ specifically noted a July 14, 2012 visit to Memorial Hospital for "auditory hallucinations and non-compliance of medications." (AR 26.) She was prescribed medications and diagnosed with psychosis. (AR 26.) The ALJ then noted that there is "no evidence of follow-up treatment for this condition, much less any ongoing indication of similar psychotic flare-ups, or <u>any other limitations coming from this condition</u>." (AR 26.) (Emphasis added.) The ALJ treated the diagnosis of psychosis as "a one-time event" that has not had "a major ongoing effect upon her ability to function." (AR 26.) (Emphasis added.) The ALJ's finding that Plaintiff does not have disabling mental health limitations is also reflected in his step two finding that Claimant has no limitations in activities of daily living, and moderate limitations in social functioning and in maintaining concentration, persistence and pace. (AR 23.) These findings are specific, legitimate reasons for not accepting all of Dr. Ho's opinion on Plaintiff's mental health limitations.

The ALJ, moreover, plainly was discounting Plaintiff's credibility based on noncompliance with medications and the lack of ongoing mental health treatment. The failure to seek treatment or follow a prescribed treatment regimen is a legitimate consideration in evaluating credibility. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). A treating physician's opinion based on subjective complaints of a claimant

whose credibility has been discounted can be properly disregarded. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff does not discuss the ALJ's findings of a lack of mental health treatment, no major ongoing effect on her ability to function, noncompliance with medications or the ALJ's adverse credibility finding, which constitute specific, legitimate reasons for not accepting all of Dr. Ho's opinion. The Court, moreover, does not agree with Plaintiff's assertion that the ALJ's findings are a post-hoc rationale. Connett v. Barnhart, 340 F.3d 841, 874 (9th Cir. 2003). The lack of ongoing mental health treatment, no major impact on functioning, noncompliance with medications and the ALJ's adverse mental health credibility finding are plainly in the ALJ decision and a sufficient basis for not accepting all of Dr. Ho's opinion. The ALJ's failure to explicitly mention Dr. Ho's opinion about a 40-hour workweek is harmless error at best. Stout v. Comm'r, Soc. Sec. Adm., 454 F.3d 1050, 1055 (9th Cir. 2006) (error to be harmless must be "inconsequential to the ultimate nondisability determination"). The ALJ's findings render that portion of Dr. Ho's opinion of no probative significance. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (ALJ does not have to discuss every piece of evidence; however, the ALJ may not reject "significant probative evidence" without explanation). In any event, the explanation for the ALJ's rejection of Dr. Ho's opinion is apparent even if the opinion is considered significantly probative.

The ALJ properly considered the mental health evidence.[1]

---

[1] Plaintiff's assertion that the ALJ failed to provide specific, legitimate reasons for not accepting Dr. Ho's 40-hour workweek limitation, as opposed to clear and convincing reasons as it would be if uncontested, is an implicit recognition of the contrary opinion of State agency reviewer Dr. Martin Koretzky. (AR 81, 85.) Dr. Koretzky disagreed with Dr. Ho's opinion. He opined Plaintiff would be able to complete a workweek at a consistent pace from a mental point of view. (AR 85.) Plaintiff suggests that Dr. Koretzky's opinion is not substantial evidence but a non-examining physician's opinion may serve as substantial evidence when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31. Dr. Koretzky's opinion is consistent with the lack of any follow-up treatment after the Memorial Hospital hospitalization, and noncompliance with medications.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ erred in discounting her subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell, 947 F.2d at 346; see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 28.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible" to the extent inconsistent with the ALJ's RFC. (AR 28.) Because the ALJ did

not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that Plaintiff's alleged pain is inconsistent with the objective medical evidence. (AR 25.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ stated, "I cannot give weight to the Claimant's pain testimony because it is not consistent with the objective findings or the record as a whole." (AR 25.) Specifically, Plaintiff alleges she can stand and walk for 10 to 15 minutes (AR 25, 47, 49, 50) and cannot walk without crutches (AR 164), but Dr. Payam Moazzaz observed that Plaintiff could walk without an assistive device or limp. (AR 24, 795.) He found Plaintiff had full, pain free range of motion in her knees. (AR 795.) Dr. Moazzaz and Dr. Cooper opined Plaintiff could do medium work and stand, walk and sit for 6 hours each. (AR 24, 83-84, 797.)

Second, the ALJ found Plaintiff received conservative care from Dr. Fenton for her left knee pain. (AR 23.) Conservative treatment is a valid basis for discounting credibility. Parra, 481 F.3d at 750-51.

Third, the ALJ found numerous inconsistencies between Plaintiff's statements regarding her subjective symptoms and her other statements and conduct. An ALJ may consider such inconsistencies in evaluating credibility. Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59. Here, the ALJ found a "file . . . full of inconsistencies" (AR 27), regarding her physical pain symptoms. The ALJ found that Plaintiff alleged severe pain since her injury in 2007 but she worked at modified duties, did not stop working until after a return from vacation when she was terminated and did child care in 2011, earning $8,403. (AR 27.) The record indicates she injured her back in 2011 after moving and lifting a refrigerator but at the hearing she said she was only supervising others. (AR 27.) The ALJ found it difficult to believe that

the mere act of supervising other people to do physical work would cause to experience back pain. (AR 25.) Although Plaintiff claims to be non-functional, lying down 80% of the time, records show she went camping and hiking in 2011. (AR 27.) The ALJ found that these factors undermine Claimant's credibility because they cast doubt on her truthfulness and directly contradict her assertions that she is as limited as she claims to be. (AR 25.) Plaintiff argues that these incidents occurred in 2011 before the onset date but the ALJ's findings are not directed to Plaintiff's medical condition but to her credibility and veracity which are not bounded by the period of alleged disability. Burch, 400 F.3d at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness.") The incidents listed by the ALJ are recent enough in time to constitute relevant evidence of credibility.

Fourth, as to mental limitations, the ALJ discounted Plaintiff's credibility because of noncompliance with medications and the lack of any ongoing mental health treatment, as already discussed.

Plaintiff disputes the ALJ's interpretation of the record but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857(9th Cir. 2001).

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

/ / /
/ / /
/ / /
/ / /
/ / /

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 9, 2015

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE